UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HENRY ALFONSO,
    Petitioner,

V.S

UNITED STATES OF AMERICA,
    Respondent.

05-11361WGY

DOCKET NO. 1:01-CR-10468
U.S. DISTRICT JUDGE:
WILLIAM G. YOUNG

*June 24, 2005,*
*Petition denied as frivolous.*
*Booker is not retroactive.*

*William G. Young*
*Chief Judge*

28 U.S.C. §2255
MOTION TO VACATE, SET ASIDE, RESENTENCE

    COMES FORTH, Petitioner, Henry Alfonso, pursuant to the above numbered cause and filing Pro-se seeking to Vacate, Set Side, Resentence the judgement imposed upon him by this Honorable Court May 2003. Petitioner seeks to have this motion granted for the following reasons and arguments.

    Petitioner plea guilty after weighing what was bought before him by his former attorney who never questioned the plea agreement bought before him under Rule 11 of the Federal Rule of Criminal Procedure. The plea agreement was voilated in 11(e)(1) and failure to comply with a plea agreement will invalidate such agreement United -vs- Canton 469 F2d 435(3rd Cir 1971). when determining whether the government has breached a plea agreement, the court is guided by general principles of law, Clark, 55 F3d at 12; See United States -vs- Gonzalez -Sanchez 825 F2d 572, 578 (1st Cir 1987). "Contractual principles apply insofar as they are relevant in determining what the government "Owes" the defendant United States -vs- Garcia 698 F2d 31,37(1st Cir 1983)

(1)

quoting United States -vs- Bowler 585 F2d 851, 854 (7th Cir 1978). Plea agreements are accompanied by an implied obligation of good faith and fair dealing, as in all contracts United States -vs- Ahn 231 F3d 26, 35-36 (DC Cir 2000). as stated in the First Circuit Decision United States -vs- Mercedes - Amparo, 980 F2d 17, 19 n 3 (1992) an unintended breach is nevertheless still breach. A deviation that "Affects" the consideration due the defendant under Rule 11 can be considered a breach that entitles a defendant a remedy. Panzario - Alvarez -vs- United States 879 F2d 975, 986 (1st Cir. 1989), The government may not breach any term of a plea agreement which induced the defendant to plea guilty. For a plea of guilty, to be knowing a defendant should at least be aware of length of incarceration, Aiken -vs - United States 358 Fed Supp 87 (2nd Cir 1972) not what a trial may bring, but what the government is offering the court, under a plea agreement.

    Petitioner believes this Honorable Court was biased throughout, beginning with the sweat patch where the court did not believed this Petitioner and even stated such in the colliguy, however, this court did not give justice a fair shot not did the attorney for defense for they should have objected to this court when the court said no witnesses for even the old confrontation decision Ohio -vs- Roberts, provided for that and now Crawford- vs- Washington 124 S Ct 1354(2004) for Criminal Law 662.8 states that the Confrontation Clause provides for the accused to confront and exam witnesses against him, not only in court testimony but out of court statements that were introduced, regardless of admissibility of statements under law of evidence. USCA Amend 6 Criminal Law 662. 1 states that it is the defendants right to confront and cross-exmine witnesses against him and it applies to those who

bear testimony against him made for purpose of establishing or proving some fact USCA Const Amend 6. The evil of the Confrontation Clause was the civil law mode of criminal procedure abd particularly its Exparte use, which was what this court allowed, for in the transcripts the AUSA says if we were at trial I would have informant so and so, under Crawford courts are to refrain from accepting statements even form government agencies, for all od this is hearsey and Rule of evidence rejects hearsey testimony. Thus the belief should have been placed on Petitioner rather than two infromants looking to sneak away without prosecution. Belief in Petitioner for he was in the courtroom, believe him when he says 26 Grams not the 442 which the government states as it pretained to a vendetta set up by informants. Belief in the Petitioner when he said he was entrapped into a price, and never purchased, belief in him when he stated it was the SA who suggested the guantity and the price and finally believe in him when he said he was addicted to the pill as are others and courts should start to realize this.

    Petitioner believes that his Criminal History Points should not place him in Category IV rather Category II for this Honorable Court did nor adequately explore factual basis from defendants plea and Booker does mandate resentencing as do other factors this court has not addressed. In Shepherd -vs United States 125 S. Ct 1254, 1264 Justice Thomas stated that the Sixth Amendment Ruling in Apprendi-vs New Jersey 530 U.S. 466 (2000), barring increases in the sentencing range based on judge facts not proven to a jury or admitted by defendant should apply equally to facts of prior conviction Shepherd at 1263. Petitioner convictions were never proven beyond a reasonable doubt and 5 of the 7 convictions

(3)

were <u>without</u> counsel. Petitioner also avers that he has bought before this court retroactivity of the <u>United States Sentencing Guidelines Amendment 657</u> reducing the weight of Oxycodone, this should be done in the fairness of Justice.

    Finally, Petitioner believes that <u>Blakely</u> as well as <u>Booker</u> apply to him retroactively, for the Supreme Court has not stated either way, retroactively or non retroactively but, in <u>Beam Distillers -vs- Georgia, 501 US 529 (1991)</u> Justice Stevens emphasized the importance of employing retroactively, rules that accord equal treatment to all litigants and that <u>Teague</u> deviates from this by treating Habeus Corpus Petitioners differently from criminal defendants, Justice Scalia joined by Marshall and Blackman stated that the meaning of the constitution never changes and that the Judicial function is limited to discerning what it is today, changes to, or what it will be tomorrow. Under this view a newly announced Rule necessarily must be applied retroactively as well as prospectively for it <u>Reflects</u> the courts, current and clearest understanding of what it is the constitution requires and has always required. Together, with provision in Habeas Corpus Statue requiring relief from all unconstitutional convictions and Justice Scalia view that statues must be read to mean what they say as his approch in <u>Beam Distellers -vs- Georgia</u> leads inexorably to the conclusion that the courts current and best understanding of the constitution must apply in Habeus Corpus proceedings See Federal Rule 25.2.-25.6 Federal Rule of Habeas Corpus Practice and Procedures.

    Petitioner believes that counsel for defense was ineffective in his non-objections and non- conforntation and it's proper to raise this on 2255 since such claims involve

(4)

(5)

evidence outside the record. Galbraith -vs- United States, 313 F3d 101 (7th Cir 2002).

Petitioner requests this Honorable Court to grant motion to Vacate, Set Side, resentence and while awaiting decision of such requests, he be released on bail.

Respectfully Submitted,

*Henry Alfonso III*

Henry Alfonso, Prose
F.P.C. Schuylkill
Post Office Box 670
Minersville, PA 17954