UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

HENRY ALFONSO,
    Petitioner,

V.S.

UNITED STATES OF AMERICA,
    Respondent.

CASE NO: 1:05-cv-11361

PRO-SE

APPEAL OF 28 U.S.C. 2255

NOW COMES, Henry Alfonso, Petitioner, Pro-se, seeking relief from the First Circuit, Court of Appeals from the prejudicial manner in which the District Court has denied the 2255. The petition was based on Booker not being retroactive, but all other aspects of 2255 were never answered and therefore this petitioner believes that an appeal is necessary for it was this appellate court who advise petitioner to seek relief via 2255.

ARGUMENTS

1) The District Court says "<u>Booker</u>" is not retroactive but the Supreme Court held that the holdings of Booker and the Sentencing Guidelines Act are disposed to all cases on Direct Review, <u>Griffin -vs- Kentucky 479 US 314, 328 93 Led 2 649, 107 S.Ct 708, 1987,</u> New rule for the conduct of criminal prosecution is to be applied retroactively <u>to all cases,</u> pending on Driect Review or not yet <u>final</u>, with no exception for cases in which the new rule constitutes a"clear break wiht the past."

(1)

Further the Supreme Court in James B Beam Distilling CO-vs-Georgia 501 US 529 (1991) The court accorded equal treatment to all litigants, abandoning the possibility of selective prospectivity because, such prospectivity breaches the principle that litigants in similar situations should be treated the same. In Harper-vs-Virginia Department of Taxation 509 US 86(1993), The Supreme Court states when the United States Supreme Court applies a Federal Law to the parties before it, such rule is the controlling interpretation of Federal Law and must be given full retroactive effect in all cases still open on direct review and as to all events wheather Pre or Post date of the announcement. Also Habeas Corpus Federal Rules of Practice and Procedure Rule 25.2 State necessarily a rule must be retroactive to Habeas Corpus Litigants (Scalia). In any event, the District Court could have used the Jones-vs United States, 526 US 227; Apprendi -vs- New Jersey 530 US 446; but failed to do so in curbing its enhancements.

2) The District Court failed to recognize Amendment 657 of the Sentencing Guidelines concerning weight of Oxycodone. If the District Court maintains its rigid and biased posture on this case then it must adhere to the laws set before it.

3) The Criminal History Point Level should never had occurred as Petitioner failed to have counsel as representive at 5 of his priors and in Shephard -vs -US 125 SCt 1254, it was deemed that a sentencing court cannot look to Police Report in rendering a decision.

4) This District Court has shown constant error and prejudice

(2)

in its dealing with Petitioner and now with a denial of his 2255 motion, completes and verifies that this District Court cares nothing of the fairness and equality of justice.

Petitioner requests the First Circuit to remand to the District Court with instructions to adjust the Oxycondine amount according to Amendment 657, reculculate the Criminal History Points to Category 1 and consider the argument for retroactivity. Petitioner also asks that the District Court be told that there is to be a liberal view on Pro-se litigants, for they are not attorneys and they do not consider their thoughts frivolous, for it is their heart that is speaking.

Respectfully Submitted,

*Henry Alfonso*
Henry Alfonso, Pro-se
Register#24062-038
F.P.C. Schuylkill
Post Office Box 670
Minersville, PA 17954